## TRAMEL v. GRAND LODGE OF KNIGHTS OF PYTHIAS OF LOUISIANA.

### No. 4536.

Court of Appeal of Louisiana. Second Circuit.

June 30, 1933.

Rehearing Denied July 15, 1933.

F. B. Smith, of New Orleans, for appellant.

Boone & Boone, of Many, for appellee.

DREW, Judge.

Defendant has appealed from a judgment of the lower court awarding judgment to plaintiff, as beneficiary of an endowment policy held by her husband, John Tramel, in the defendant lodge.

It is admitted that, if she is entitled to recover, she is entitled to recover the amount sued for, and that John Tramel was in good standing at his death and the holder of the policy alleged on. The defense is that John Tramel was suspended on December 15, 1930, for nonpayment of dues, and reinstated the same month; that he died February 4, 1931, less than 90 days after reinstatement, and that under the following clause in the policy: "That reinstatement to membership within three months from date of suspension, forfeits all claim to endowment until the expiration of ninety (90) days from the date of reinstatement," he is not entitled to recover.

The facts are that John Tramel had been sick for six weeks prior to November 10, 1930, and had been awarded the sum of $18, for sick benefits, by the local lodge. This money was not paid to him, but, by agreement with him and at his request, was held by the keeper of records and seals of the local lodge for the purpose of paying his monthly dues as they became due. On this date the keeper of records and seals wrote to John Tramel, stating that he had in his possession sufficient money to pay all dues for him until June 1, 1931, less 25 cents, which would be due on June 1st. The keeper of records and seals was the proper officer to collect the monthly dues. Notwithstanding this letter, on December 13, 1930, John Tramel was, through error, reported suspended for nonpayment of his dues. The error was soon discovered, and during the same month was corrected, and he was reinstated. It is because of this error of the officer of the local lodge that defendant bases its defense, which is entirely without merit.

When John Tramel refused to accept payment for sick benefits and authorized the proper officer of the local lodge to use said money to pay his dues in advance, it was equivalent to his paying to the local lodge that amount as dues. The local lodge, through its proper officer, was the proper agent of the grand lodge for the purpose of collecting dues, and we have repeatedly held payment of dues to the proper officer of the local lodge constitutes payment to the grand lodge, for the reason that the officer of the

local lodge is the agent of the grand lodge and not of the member. It therefore follows that John Tramel had paid all dues owed by him on said endowment policy up until June 1, 1931, and was in good standing at the time he was suspended through error on December 13, 1930, and the suspension was illegal, wrongful, and without effect. He died February 4, 1931, and at that time payment of the amount of the endowment policy was due to his beneficiary.

The judgment of the lower court is correct, and is therefore affirmed, with all costs.